IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER PAUGH, et al.,<br><br>　　　　Defendants. | No. C 03-1557 SBA (pr)<br><br>**ORDER (1) DENYING MOTION FOR TRO AS MOOT; (2) DENYING MOTION TO STRIKE; (3) DENYING REQUEST FOR CASE MANAGEMENT CONFERENCE; AND (4) SETTING BRIEFING SCHEDULE**<br><br>(Docket Nos. 30, 32, 36, 39) |

　　　　Before the Court are four motions filed by Plaintiff in the above-referenced action, including: (1) two "Motions for Protective Orders" (docket nos. 32, 39); (2) a "Motion to Strike Objection/Opposition to Plaintiff's Request for Judicial Notice" (docket no. 36); and (3) a "Motion for Case Management Order" (docket no. 30). The Court will now address the merits of each motion.[1]

**I.　　Motions for Protective Orders/Temporary Restraining Orders**

　　　　On June 17, 2005, Plaintiff filed a "Motion for Protective Order." On that same date, he filed a "Declaration of Darryl Lee Goldstein in Support of Motion for Protective Order." On June 27, 2005, Plaintiff filed another "Motion for Protective Order." On July 11, 2005, Plaintiff filed a "Declaration of Kevin L. Jones in Support of Plaintiff's Request for Protective Order" and an "Addendum to Request for Protective Order." It appears that both motions for protective orders are identical and ask for sweeping injunctive relief, which seek essentially the same relief as the motion for a temporary restraining order ("TRO"). Therefore, the Court will treat the two motions as one and will construe his motion for protective order as a motion for a TRO.

---

[1] As a preliminary matter, the Court notes that Plaintiff misspelled two of the defendants' names in this action. The correct spelling of their names are Officer Paugh and Officer Rothaus, respectively. See Answer at 1.

In his motion for a TRO, Plaintiff states that he was confined at San Mateo County Jail. He alleges that the jail officials "subjected Plaintiff to extreme retaliation" based on Plaintiff naming the County of San Mateo as a defendant in his civil rights complaint. (See Mot. for Protect. Order dated Jun. 17, 2005 at 2 [citing Goldstein v. Ruth Ann Fleming, et al., Case No. C 00-0598 SBA (pr)].) He claims that the jail officials have deprived him of law library access for his civil and criminal cases. He also alleges that he was informed that his legal documents would be removed from his jail cell. Plaintiff requests this Court to issue a protective order directing Don Horsley, Sheriff of San Mateo County, to prevent jail staff from removing his legal files from his present housing, from continuing to deny Plaintiff adequate access to the law library for his criminal and civil cases, and from retaliatory cell searches. (Id. at 4.)

The Court notes that since he filed the motions for protective orders in June 2005, Plaintiff has informed the Court that he has been transferred to San Quentin State Prison. The transfer to a different prison is important because it makes much of his requested relief moot.

Accordingly, Plaintiff's motion for a TRO (docket nos. 32, 39) is DENIED as moot.

## II. Motion to Strike

Plaintiff requests this Court to strike Defendants' Opposition to Plaintiff's Motion for Judicial Notice. Defendants' opposition will not be stricken, and it will be afforded such weight as it merits. Plaintiff may file a reply to Defendants' Opposition within **fifteen (15) days** of the date of this Order, or may rest upon the objections stated in his motion to strike already filed.

Accordingly, Plaintiff's motion to strike (docket no. 36) is DENIED.

## III. Request for Case Management Conference

Plaintiff has filed a "Request for Case Management Order," which the Court will construe as a request for a Case Management Conference in this case. Defendants filed their Answer in this case on January 18, 2006. Because a motion for summary judgment has yet to be filed in this action, there is no need to conduct a case management conference at this time.

Accordingly, the Court DENIES Plaintiff's request for a case management conference (docket no. 30).

## VI. Briefing Schedule

2

In order to expedite the resolution of this case, the Court orders the following briefing schedule:

No later than **sixty (60) days** from the date of this Order Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in [Defendants'] declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of [Defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those

allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline sought to be extended.

//
//
//
//
//
//
//
//
//

## CONCLUSION

1. Plaintiff's motions for protective orders (docket nos. 32, 39), which were construed to be a single motion for a TRO, are DENIED as moot.

2. Plaintiff's motion to strike Defendants' opposition to Plaintiff's request for judicial notice (docket no. 36) is DENIED.

3. Plaintiff's request for a case management conference (docket no. 30) is DENIED.

4. The parties are directed to abide by the briefing schedule outlined above.

5. The Clerk of the Court is directed to make the necessary changes to the spelling of the names of Officer Pough and Officer Rothus, who are listed as two of the defendants in this action. The court file should reflect the correct spelling of their names as Officer Paugh and Officer Rothaus, respectively.

6. This Order terminates Docket Nos. 30, 32, 36, and 39.

IT IS SO ORDERED.

DATED: February 9, 2006

SAUNDRA BROWN ARMSTRONG
United States District Judge